2/2/2021 10:28 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50261189
By: Maria Rodriguez
Filed: 2/2/2021 10:28 AM

## 2021-06305 / Court: 157

CAUSE NO. _____

| | | |
|---|---|---|
| FREDERICK QASIM KHAN<br>Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT |
| vs. | §<br>§ | ____ JUDICIAL DISTRICT |
| WALMART INC., WALMART SUPERCENTER AND WAL-MART STORES TEXAS, LLC.<br>Defendants | §<br>§ | HARRIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, FREDERICK QASIM KHAN (hereinafter referred to as "Plaintiff"), complaining of and about Defendants, WALMART INC., WALMART SUPERCENTER and WAL-MART STORES TEXAS, LLC. (hereinafter collectively referred to as "Defendants") and for cause of action show unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1.1  Plaintiff intends that discovery be conducted under Discovery Level II.

### II. PARTIES AND SERVICE

2.1  Plaintiff, FREDERICK QASIM KHAN, is an individual who resided in Harris County, Texas at the time of the events which form the basis of this lawsuit.

2.2.  Defendant, WALMART INC. is a Delaware limited liability company engaged in business in Harris County, Texas. It may be served with process by serving its registered agent for service: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

2.3.  Defendant, WALMART SUPERCENTER, is a Delaware corporation engaged in business in Harris, County, Texas. It may be served with process by serving its registered agent for service: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Exhibit B

2.3.   Defendant, WAL-MART STORES TEXAS, LLC., is a Delaware corporation engaged in business in Harris, County, Texas. It may be served with process by serving its registered agent for service: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### III. JURISDICTION AND VENUE

3.1   This Court has jurisdiction in this cause because the damages to Plaintiff are within the jurisdictional limits of this Court.

3.2   Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### IV. FACTS

4.1   Plaintiff brings this suit to recover damages for personal injuries sustained by Plaintiff at the Walmart Supercenter Store located at 4412 North Freeway, Houston, Texas 77022, in Harris County, Texas, on or about March 17, 2020. On that date, Plaintiff was standing in an aisle waiting to select an item when suddenly from behind several boxes fell on Plaintiff.

4.2   As a result of Defendants' negligence, Plaintiff suffered personal injuries and damages.

### V. PLAINTIFF'S CLAIM OF PREMISES LIABILITY

5.1   On the date in question, Plaintiff was an invitee on Defendants' premises. At all times relevant, Defendants maintained, controlled, or was a possessor of the premises. A condition on the premises posed an unreasonable risk of harm. Defendants had the ability and authority to ensure its premises was not unreasonably dangerous for invitees.

5.2   Defendants knew, or reasonably should have known, of the danger posed by its premises to the general public. It breached its duty of ordinary care by:

Exhibit B

(a) Failing to adequately warn Plaintiff of the dangerous condition;

(b) Failing to warn Plaintiff of the concealed and other dangers Defendants knew or should have known;

(c) Failing to make the conditions(s) reasonably safe;

(d) Failing to provide a safe shopping environment for its invitees;

(e) Failing to provide adequate safeguards to prevent Plaintiff from being injured on the premises;

(f) Failing to properly train its employees or have/enforce policies regarding the maintenance of its premises; and

(g) Failing to make the premises safe for all who entered, including Plaintiff.

5.3   Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

## VI. PLAINTIFF'S CLAIM OF NEGLIGENCE

6.1   Plaintiff would show that, based on the above-described facts, Defendants were negligent. Defendants as occupier of the premises owed Plaintiff a duty to warn or make safe the defective condition(s) existing on Defendants' premises. The occurrence made the basis of this suit and Plaintiff's resulting injuries and damages were proximately caused by the negligent conduct of Defendants. Said acts and omissions include but are not necessarily limited to the following acts and/or omissions, to-wit:

(a) Defendants through its employees and/or agents, had actual knowledge of the danger, or through the exercise of ordinary care, reasonably should have known of the danger posed by the presence of and location of the boxes;

(b) Defendants through its employees and/or agents failed to maintain the area in a reasonably safe condition, failed to inspect the premises where the dangerous condition existed, and failed to correct the condition by taking reasonable measures to safeguard persons who entered the premises;

(c) Defendants failed to exercise ordinary care to protect Plaintiff from the danger by

3

both failing to adequately warn Plaintiff of the location of dangerous conditions and failing to make the condition reasonably safe;

(d) In that Defendants' agents and/or employees knew or reasonable should have known of the dangerous condition created leaving boxes unattended with no warning;

(e) In that Defendants' agents and/or employees were at all pertinent times acting in the course and scope of their employment with Defendants;

(f) In failing to properly train its agents and/or employees on proper procedures and protocols while working on Defendants' premises;

(g) In failing to properly train its agents and/or employees on how to not create and/or how to eliminate dangerous conditions on Defendants' premises;

(h) In failing to properly supervise its agents and/or employees on the maintenance of Defendants' premises; and

(i) Defendants failed to act as reasonably prudent premises owner would have acted in the same or similar situation.

6.2 All of the above acts and/or omissions, whether taken singularly or in any combination, constitute negligence at common law in the State of Texas and were proximate causes of Plaintiff's injuries and damages which are described below.

## VII. DAMAGES FOR PLAINTIFF FREDERICK QASIM KHAN

7.1 As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff FREDERICK QASIM KHAN, was caused to suffer the following serious bodily injuries, and to incur the following damages for which Plaintiff seeks monetary relief:

(a) Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, FREDERICK QASIM KHAN for the necessary care and treatment of the injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

(b) Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

(c) Physical pain and suffering in the past;

4

(d) Physical pain and suffering in the future;

(e) Loss of earnings in the past;

(f) Loss of earning capacity which will, in all probability, be incurred in the future;

(g) Mental anguish in the past; and

(h) Mental anguish in the future.

7.2 All of the above listed damages of the Plaintiff exceed the minimum jurisdictional limits of this Court. Pursuant to Rule 47(c)(4) of the Texas Rules of Civil Procedure, the Plaintiff seeks to recover monetary relief of over $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and post-judgment interest.

## VIII. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, FREDERICK QASIM KHAN, respectfully prays that the Defendants, WALMART INC., WAL-MART SUPERCENTER and WAL-MART STORES TEXAS, INC., be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

5

Respectfully submitted,

HOLLINGSWORTH LAW FIRM, PLLC

By: _____
Steven R. Hollingsworth
TX Bar No.: 24041115
steveh@hollingsworthlawfirm.com
Aaron P. Howard
TX Bar No.: 24106117
aaron@hollingsworthlawfirm.com
1415 North Loop West, Suite 200
Houston, Texas 77008
Telephone: 713-637-4560
Fax: 713-474-9017

ATTORNEYS FOR PLAINTIFF

CAUSE NO. 2021-06305

| | | |
|---|---|---|
| FREDERICK QASIM KHAN | * | IN THE DISTRICT COURT OF |
|     Plaintiff | * | |
| | * | |
| VS. | * | HARRIS COUNTY, TEXAS |
| | * | |
| WALMART INC., WALMART SUPERCENTER AND WALMART STORES TEXAS, LLC | * * * | |
|     Defendants | * | 157TH JUDICIAL DISTRICT |

### ORIGINAL ANSWER AND JURY DEMAND OF DEFENDANT WALMART STORES TEXAS, LLC (INCORRECTLY NAMED AS WALMART INC. AND WALMART SUPERCENTER)

TO HONORABLE JUDGE OF SAID COURT:

Defendant, WALMART STORES TEXAS, LLC (INCORRECTLY NAMED AS WALMART INC. AND WALMART SUPERCENTER) files its original answer and jury demand.

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, WALMART STORES TEXAS, LLC (INCORRECTLY NAMED AS WALMART INC. AND WALMART SUPERCENTER) asserts a general denial.

2. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, WALMART STORES TEXAS, LLC (INCORRECTLY NAMED AS WALMART INC. AND WALMART SUPERCENTER) demands a jury trial. WALMART STORES TEXAS, LLC (INCORRECTLY NAMED AS WALMART INC. AND WALMART SUPERCENTER) is tendering the required fee with its jury demand.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by reason of this suit herein, and that Defendant goes hence without day, and recover its costs.

Exhibit B

Respectfully submitted,

MEHAFFY WEBER, P.C.

/s/Karen L. Spivey
KAREN L. SPIVEY
SBN:  18955100
P.O. Box 16
Beaumont TX 77704-0016
2615 Calder Avenue, Suite 800
Beaumont TX 77702
Ph:     409-835-5011
Fx:     409-835-5177
KarenSpivey@mehaffyweber.com
ATTORNEY FOR DEFENDANT,
WALMART STORES TEXAS, LLC
(INCORRECTLY NAMED AS WALMART INC.
AND WALMART SUPERCENTER)

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant's Answer has been forwarded to opposing counsel of record by electronic filing, on this 10th day of February, 2021.

/s/ Karen L. Spivey

KAREN L. SPIVEY

2

Exhibit B